DAVID J. WINTERTON, ESQ.
Nevada Bar No. 004142
DAVID J. WINTERTON & ASSOC., LTD.
7881 W. Charleston Blvd., Suite 220
Las Vegas, Nevada 89117
Telephone (702) 363-0317
Facsimile (702) 363-1630
david@davidwinterton.com
*Proposed Attorneys for Debtor*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. BK-22-10458-nmc |
| NTI GROUND TRANS INC | Chapter 11 |
| Debtor. | Hearing Date: March 1, 2022<br>Hearing Time: 10:30 a.m. |

### RESPONSE AND CONSENT TO DISMISS THE BANKRUPTCY CASE

COMES NOW, NTI GROUND TRANS INC, (hereinafter "Debtor") by and through their proposed counsel of the law firm of David J. Winterton & Assoc., Ltd., hereby files this Response to the Motion to Dismiss.

There is no question that the Debtor cannot pay it's bills when they come due and therefore qualifies for bankruptcy. The creditors in this case agree that the Debtor should be in bankruptcy. All of the creditors are being harmed due to the deadlock of the Directors in this case. If there is a deadlock with the Board of Directors does that give authority to the president and/or the shareholders with the authority? The Debtor does not have time to argue this issue due to the financial stress on the company. The creditors were forming an Official Unsecured Creditors Committee and have sent in the forms to the United States Trustee Office. Speaking with the creditors, the Debtor believes it is in the best interest to have the bankruptcy dismissed rather than waste time fighting this issue. As such, the Debtor does not oppose the Motion. The creditors have prepared a involuntary petition in this matter and will be filed when the case is dismissed. This lawsuit is about a disgruntled employee/owner that is trying to harm the company. This is the best

1

way to minimize the conflict and allow the Debtor reorganize. Therefore, the Debtor consents to the dismissal of the case.

## MEMORANDUM OF POINTS AND AUTHORITIES

COMES NOW, NTI GROUND TRANS INC, (hereinafter, "Debtor"), by and through their proposed counsel of the law firm of DAVID J. WINTERTON & ASSOCIATES, LTD., hereby files this Memorandum of Points and Authorities in Support of its Response. ("Motion").

### I.

### STATEMENT OF RELEVANT FACTS.

1. **NATIONAL TRANSPORTATION INC** was organized under the laws of the state of Nevada on February 20, 2019. It is a valid operating company. Below is a list of relevant information:

2. **Directors**

Under Article III, Section 3.2 of the By-Laws the parties to have authority to file bankruptcy. There can be one to seven directors. At the time there were three (3) members of the Board of Directors for the company. They are as follows:

    James Gleich    Director

    John Kindt    Director

3. **Officers -**

    James Gleich    President, CEO, Director

    John Kindt    Secretary, COO, Director

See Exhibit 1

4. **Shareholders-**

    National Transportation Inc.    100%

5. **Manner of holding a special director meeting**

Under NTI GROUND TRANS INC's bylaws, Article III Section 3.7 provides that "Special meetings of the Board of Directors may be called at any time either (a) the Chairperson of the Board of Directors, (b) the President, (c) the Secretary or (d) any two directors, in each case, on

forty eight (48) hours' notice to each Director. Special directors meetings can be held "as the Board of Directors may determine [in] its sole discretion. Although Section 3.10 of the bylaws provides that directors "may participate in a meeting of the Board of Directors," a fair interpretation of this provision makes it subject to Section 3.5, which allows the Board of Directors to determine the manner in which any special directors' meeting may be held. The President, Mr. Gleich of the company, was the authorized party to call the special meeting.

6. **A quorum is required for a special directors meeting**

Furthermore, to conduct the special directors meeting, a quorum of the directors must be constituted. Under Article III Section 3.8 of the NTI GROUND TRANS INC bylaws, only a "majority of the directors then in office . . . shall constitute a quorum of the Board of Directors for the transaction of business. In this case two of the three Directors is sufficient. According to Article III Section 3.8 of the NTI GROUND TRANS INC bylaws, only "the act of the directors constituting a majority of the directors present at any meeting at which there is a quorum shall be the act of the Board of Directors. In this case you have two of three of the directors, that is a majority of the Directors present at the special meeting.

7. **Duties of the Directors**

Under Article III Section 3.1 of the management of the business it states the business of the Corporation shall be managed by its Board of Directors, which may exercise all such powers of the Corporation and do all such lawful acts and things as are not by statute or by Articles of Incorporation or by these Bylaws directed or required to be exercised or done by stockholders.

8. **Duties of the president of NTI GROUND TRANS INC**

In accordance with Section 4.5 of NTI GROUND TRANS INC's bylaws, the president "shall have general and active management of the business of the Corporation, and shall see that all orders and resolutions of the Board of Directors are carried into effect." Also according to Article IV Section 4.5, the president is authorized to "vote . . . and exercise on behalf of the corporation all rights incident to any and all shares of any other corporation . . . standing in the name of the corporation." This Article IV Section 4.5 also allows the president to delegate to any

3

other person such authority.

**9.  Deadlock of Board of Directors**

The President of the NTI GROUND TRANS INC, under the direction of one of the Board of Directors, executed the authorization to file the bankruptcy. This was under the direction of director James Gleich.

**10.  Need for a Bankruptcy**

While it is true that the Code does not require an initial showing of good faith of the petitioner in seeking relief, unlike the Pre-Code law, §§ 141-146 of the Act of 1898, as amended, the presence of good faith is implicit In re Brandon Farmer's Mkt., Inc., 34 B.R. 148, 151 (Bankr. M.D. Fla. 1983)

"....Apparent deadlock, this Court should retain this Chapter 11 case because this Debtor corporation, due to its cash flow problem, is in real need of reorganization and should be given the opportunity to show it has the ability to effectuate a reorganization. In re Bel-Aire Invest., Inc., 97 B.R. 88, 90 (Bankr. M.D. Fla. 1989)

The By-Laws of the corporation provide that "all corporate powers shall be exercised by, or under the authority of and the business affairs of the corporation shall be managed under the Director of the Board of Directors." Article II, Section 1. The By-Laws also provide that the President shall have the authority to manage the affairs of the corporation subject to the supervision and control of the Board of Directors. Based on the foregoing, it is the contention of counsel for the Debtor that the President had the authority to file this Petition for Relief under this specific clause and his action is merely subject to a veto by the Board of Directors and since the right to make depositive moves and valid decisions is initially vested in the President, he acted properly and with authority to commence this case and there cannot be a veto by the Board of Directors because of the deadlock. In re Brandon Farmer's Mkt., Inc., 34 B.R. 148, 150 (Bankr. M.D. Fla. 1983)

This does not mean, however, that creditors who decide that they need the protection of this Court may not file, if they qualify, an involuntary petition against the corporation pursuant to § 303

4

of the Bankruptcy Code. In re Bel-Aire Invest., Inc., 97 B.R. 88, 90 (Bankr. M.D. Fla. 1989) Where the board of directors is deadlocked the shareholders can exercise the company's powers by way of ordinary resolution and make management decisions to resolve the issue.

The Debtor could not pay the bills as they come due. In addition, there are issues with making payroll and other expenses. As a result, it was urgent that a bankruptcy be filed.

**11.    Response to the Motion.**

The creditors in this case have prepared an involuntary petition. The Debtor agrees to have the bankruptcy dismissed and the creditors will file the involuntary petition to resolve this issue.

DATED this 25th day of February, 2022.

DAVID J. WINTERTON & ASSOC., LTD.

By: /s/: David J. Winterton Esq.
DAVID J. WINTERTON, ESQ.
Nevada Bar No. 004142
7881 W. Charleston Blvd., Suite 220
Las Vegas, Nevada 89117
*Proposed Attorneys for Debtor and Debtor-in-possession*

5

## CERTIFICATE OF SERVICE

1. On February 25th, 2022 I served the following document(s):

    1. Response and Consent to Dismiss the Bankruptcy Case

2. I served the above-named document(s) by the following means to the persons as listed below:

**X** **By ECF System:**
U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

**X** (UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the 25th day of February, 2022.

**See Attached Matrix**

☐ (OVERNIGHT COURIER) By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

☐ (FACSIMILE) That I served a true and correct copy of the above referenced document via facsimile, to the facsimile numbers indicated, to those persons listed on the attached service list, on the date above written.

/s/: Autumn G. Wheeler
An employee of David J. Winterton & Assoc., Ltd.

6

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0978-2<br>Case 22-10458-nmc<br>District of Nevada<br>Las Vegas<br>Thu Feb 24 11:18:59 PST 2022 | CHAPTER 11 - LV<br>300 LAS VEGAS BLVD., SO. #4300<br>LAS VEGAS, NV 89101-5803 | NTI GROUND TRANS INC.<br>9525 HILLWOOD DR. STE. 170<br>LAS VEGAS, NV 89134-0529 |
| United States Bankruptcy Court<br>300 Las Vegas Blvd., South<br>Las Vegas, NV 89101-5833 | CLARK COUNTY TREASURER<br>c/o Bankruptcy Clerk<br>BOX 551220<br>500 SOUTH GRAND CENTRAL PKWY<br>Las Vegas, NV 89155-1220 | COX Business<br>PO Box 53214<br>Phoenix, AZ 85072-3214 |
| Chi Group LLC<br>4105 Georgia Street #305<br>San Diego, CA 92103-2548 | Chozen01 LLC<br>14622 Ventura Boulevard #102<br>Sherman Oaks, CA 91403-3662 | Chuffers Partners LLC<br>1119 North Fries Avenue<br>Wilmington, CA 90744-3142 |
| Clark County Assessor<br>c/o Bankruptcy Clerk<br>P.O. Box 551401<br>Las Vegas, NV 89151-4010 | DEPT OF EMPLOYMENT, TRAINING & REHAB<br>EMPLOYMENT SECURITY DIVISION<br>500 EAST THIRD STREET<br>Carson City, NV 89713-0002 | DEPT OF MOTOR VEHICLES<br>PUBLIC SAFETY RECORDS DIVISION<br>555 WRIGHT WAY<br>Carson City, NV 89711-0001 |
| Drivewize LLC<br>P. O. Box 180179<br>Coronado, CA 92178-0179 | Gurvinderpal Singh<br>333 Hindry Avenue<br>Inglewood, CA 90301-2013 | IRS<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| Jolie Limo LLC<br>19009 South Laurel Park Road Unit A<br>Compton, CA 90220-6051 | Jose Razo<br>3629 Van Dyke Avenue<br>San Diego, CA 92105-3411 | Kristhogu Travels LLC<br>21524 Belshire Avenue Unit 5<br>Hawaiian Gardens, CA 90716-2339 |
| LASxpress<br>PO Box 19750<br>Las Vegas, NV 89132-0750 | Mission Asset Management<br>2535 Camino del Rio South Suite 115<br>San Diego, CA 92108-3764 | NEVADA DEPT OF TAXATION<br>BANKRUPTCY SECTION<br>555 E WASHINGTON AVE #1300<br>Las Vegas, NV 89101-1046 |
| Nextiva<br>8800 E Chaparral Rd Ste 300<br>Scottsdale, AZ 85250-2609 | Oscar Marin<br>607 Palm Avenue<br>National City, CA 91950-2735 | Pina Transportation LLC<br>2299 Sunset Drive<br>Escondido, CA 92025-6612 |
| Poehlman 4 14 Services LLC<br>8716 Vista Del Verde<br>El Cajon, CA 92021-2051 | Rancho Bernardo Signs<br>11305 Rancho Bernardo Road #107<br>San Diego, CA 92127-1461 | Social Security Administration<br>Regional Cheif Counsel, Region IX<br>160 Spear Street, Suite 800<br>San Francisco, CA 94105-1545 |
| U.S. TRUSTEE - LV - 11<br>300 LAS VEGAS BOULEVARD S.<br>SUITE 4300<br>LAS VEGAS, NV 89101-5803 | United States Trustee<br>300 Las Vegas Blvd., S. #4300<br>Las Vegas, NV 89101-5803 | Whip Around Inc.<br>5955 Carnegie Blvd<br>Charlotte, NC 28209-4664 |

DAVID J. WINTERTON  
7881 W. CHARLESTON BLVD., STE. 220  
LAS VEGAS, NV 89117-8327

RYAN J. WORKS  
MCDONALD CARANO WILSON LLP  
2300 W. SAHARA AVE., SUITE 1200  
LAS VEGAS, NV 89102-4395

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Milki Transportation LLC

End of Label Matrix  
Mailable recipients    31  
Bypassed recipients     1  
Total                  32