Ryan J. Works, Esq. (NSBN 9224)
Amanda M. Perach, Esq. (NSBN 12399)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
rworks@mcdonaldcarano.com
aperach@mcdonaldcarano.com

*Attorneys for John Kindt*

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: <br><br> NTI GROUND TRANS INC. <br><br> Debtor. | Case No.: BK-22-10458-NMC <br> Chapter 11 <br><br> **REPLY IN SUPPORT OF MOTION TO DISMISS CASE FOR LACK OF AUTHORITY TO FILE** <br><br> Hearing Date: March 1, 2022 <br> Hearing Time: 10:30 a.m. |

### I. REPLY

In their various filings, Debtors[1] admit that nobody obtained the appropriate corporate authority to file any of the four (4) bankruptcy cases now before this Court. James Gleich signed, and filed, corporate resolutions and bankruptcy petitions that declare under penalty of perjury that he was authorized to file these Chapter 11 petitions on behalf of parent company, National Transportation Inc., and its subsidiaries: NTI-CA Inc., NTI-NV Inc., and NTI-Ground Transport-Inc. *See e.g.*, [ECF 1 at page 5 of 17]. Knowing that he did not have the authority to file, he signed the petitions and resolutions, nonetheless. Realizing the significance of this error, Gleich (through his counsel) now consents to dismissal for two out of the four cases, arguing that, "The Debtor does not have time to argue this issue due to the financial stress on the company." *See In re National Transportation Inc*, Case No. 22-10456-nmc at [ECF No. 29]; *see also In re NTI Ground Trans Inc.*, Case No. 22-10458-nmc at [ECF No. 21]. Shockingly, the Debtors' president

---

[1] Defined terms in the Motion to Dismiss retain their meanings in this Reply.

1   and counsel *did not have the time* to analyze the issue of corporate authority, so they just hauled
2   off and filed bankruptcy petitions for each of the Debtors.

3         Realizing that it was an impossibility for these Debtors to file bankruptcy petitions in the
4   first place (because Kindt owns 45% and Booty Green, LLC owns 10%, for a total of a majority
5   55%), Debtors' counsel has now devised a scheme that will allow certain creditors of the Debtors
6   to instead file involuntary petitions for relief. *Id*. ("The creditors have prepared a[n] involuntary
7   petition in this matter and will be filed when the case is dismissed.").

8         In the remaining two bankruptcy cases involving Debtors NTI-CA Inc. and NTI-NV Inc.,
9   Debtors' oppose the Motions to Dismiss, but admit that no meeting was ever held to authorize the
10  bankruptcy filings. Instead, the Debtors and their proposed counsel say that the misconduct will
11  be ratified at a future meeting. [ECF Nos. 22, 23].

12        In short, National Transportation, Inc owns 100% of the membership interests in each of
13  the subsidiary entities: NTI-NV Inc., NTI-CA Inc. and NTI Ground Transport, Inc. The only
14  bylaws that have been produced in this matter, are the bylaws of National Transportation, Inc.[2],
15  which did not call a meeting of its directors (James Gleich and John Kindt), or its shareholders
16  (Gleich (45%), Klindt (45%) and Booty Green, LLC (10%). There is no explanation how (absent
17  a meeting of the directors and/or shareholders), 7235 Investments LLC acquired 12.001%
18  ownership interest in the parent company. There is no explanation as to how 7235 Investments
19  LLC acquired 99.82% ownership interest in NTI-NV Inc. as it would have had to acquire that
20  ownership interest directly from National Transportation, Inc., which owned 100% of NTI-NV
21  Inc. up until the petition was filed in that case. [ECF No. 1 at p. 10 of 17]. Again, there was no
22  meeting of the directors or the shareholders to transfer nearly all of the parent company's stock to
23  7235 Investments LLC, a Texas limited liability company that was recently organized on January
24  25, 2022 by Marc Jacobi. *See* Motion at Ex. 5.

---

[2] Apparently there are bylaws for NTI Ground Trans Inc., NTI-CA Inc. and NTI-NV, as these bylaws are referenced in the papers and pleadings, but they have not been produced as attachments or exhibits to any of the filings.

Clearly, these bankruptcy cases are subject to a swift dismissal and sanctions award for the frivolous filings. Although dismissal is warranted under the circumstances, it seems that the Debtors are shameless in their wonton disregard for Nevada corporate law, the only available and relevant bylaws, and federal bankruptcy laws. As set forth in the recent opposing papers filed by the Debtors, if the Debtors' Chapter 11 Bankruptcy Cases are dismissed, Gleich and his team will simply coerce the creditors to file involuntary petitions, in any event, landing the parties back in bankruptcy court for round two of a very expensive fight. Defendants in the State Court Action also recently removed the case to this Court (under the caption of the NTI-CA Inc. Chapter 11 Case), meaning that all of the parties are now under the same roof. If this Court did dismiss the Chapter 11 Cases, a return to State Court would do no justice for Kindt and Booty Green; thus, the Court should simply appoint a Chapter 11 Trustee at this juncture.

**II.     ARGUMENT**

**A.     Kindt Requests the Appointment of a Trustee.**

Pursuant to 11 U.S.C. § 1112(b) dismissal is appropriate but alternatively this Court can also appoint a trustee. Since filing the Motion, new information has surfaced in the opposing papers, and in other related filings, that seems to require the appointment of a Chapter 11 trustee. Under Section 1104(a) the court shall order the appointment of a trustee when:

> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor;

The appointment of a trustee is necessary here because there is cause. As evidenced simply by the filing-mess created by the Debtors and their counsel, incompetence and gross mismanagement permeates these cases. There is fraud in the failure to follow corporate formalities and transferring equity interests to unknown entities that are being organized in Texas, by a newly appointed director Marc Jacobi. There is dishonesty in the dealings of the corporations.

For example, as fully set forth in the Motion, National Transportation Inc. was incorporated in 2018 by Kindt and Gleich as "Founding Shareholders". Each was originally a fifty percent (50%) shareholder of NTI. Thereafter, a ten percent (10%) interest was conveyed to

an entity named Booty Green, LLC. Kindt and Gleich's interests thereafter became forty-five percent (45%) each.

NTI-NV, Inc., NTI-CA, Inc., and NTI-GROUNDTRANS, Inc. are owned by NTI – 100%. However, sometime prior to the filing of the instant Chapter 11 Case, Gleich actively attempted to dilute Kindt's ownership interest, to unlawfully gain control of one or more of the NTI Entities. This is evidenced by the bogus List of Equity Security Holders on file with the Court [ECF No. 1 at 9 of 14], whereby there was an alleged grant of a 12% ownership interest in the parent, to a group named 7235 Investments LLC, a Texas limited liability company that was organized on or about January 25, 2022 by newly appointed director Jacobi.

Even more shocking, is that the Opposition now alleges that 7235 Investments LLC owns 99.82% of NTI-NV, Inc leaving only a dismal .18% remaining interest to the parent. It is unknown how virtually all of the ownership in NTI-NV's was transferred to 7235 Investments LLC. Mr. Kindt (who owns 45% of NTI shares) would have had to participate in the decision-making process, attend a meeting and authorize a transfer of NTI shares (along with his fellow shareholders), but this authorization never took place.

Moreover, at Gleich's direction, the NTI Entities diverted financial resources in the hundreds of thousands of dollars to the Nevada operations, depriving the other operations of critical resources such as liability insurance, airport fees, fuel, parts, maintenance, payroll, subcontractor and driver payments. Gleich secretly formed a new Nevada profit corporation called National Ground Transportation Inc. on January 18, 2022. In addition, Gleich secretly set up new bank accounts: one on November 24, 2021, and the other for National Ground Transportation Inc. on January 25, 2022 with Lexicon Bank, Las Vegas, NV, and now yet another, an account located at City National Bank.

In addition, Kindt recently received a bill from Assured Document Destruction, Inc. on January 31, 2022 with the description shredding documents in a file cabinet at the location of Defendant Gleich's office. Gleich, Jacobi and Pantaleo have failed to account for certain loan proceeds that have not been placed into Debtors' bank accounts. Since November, 2021 approximately $2,500,000 of loans have been procured by or on behalf of NTI. Only $950,000

has been accounted for. Gleich has defrauded the NTI Entities, and in turn defrauded Mr. Kindt. Additionally, Gleich's actions have also resulted in a gross mismanagement of the Debtor's affairs.

For these reasons, this Court should appoint a Chapter 11 trustee.

### B. Gleich was not Authorized to File this Bankruptcy.

These bankruptcy cases were nevertheless unauthorized, further evidencing Gleich's incompetence, gross mismanagement and fraudulent misconduct. The president of a company cannot unilaterally file for bankruptcy and when faced with a motion to dismiss for lack of authority, argue that his actions will be ratified by the time the hearing takes place. Filing for bankruptcy is not something that should be done flippantly by one who lacks authority. *In re Raymond,* 12 B.R. 906, 907 (Bankr. E.D. Va. 1981) ("Bankruptcy is a serious step; it holds its stigmas still. It is a unique judicial process where one is laid bare, financially" and as such the power to file bankruptcy "may not be exercised by another.").

### C. This Court Should Award Sanctions Under Fed. R. Bankr. P. 9011.

Federal Rule of Bankruptcy Procedure ("FRBP") 9011 made applicable through Federal Rule of Civil Procedure 11, regulates an attorney's filings with the bankruptcy court. It provides:

> (b) By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances.
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;....
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;....

*Id.* Sanctions are thus available under Rule 9011 when an attorney files a "frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir.1996) (citing *Warren v. Guelker*, 29 F.3d 1386, 1388 (9th Cir.1994).

4856-6038-2225, v. 2

Whether a filing is frivolousness is twofold. The first question is whether the attorney made a reasonable inquiry into the facts; and second, whether the attorney made a reasonable investigation of the law. *Baermann v. Ryan (In re Ryan),* 411 B.R. 609, 615–16 (Bankr.N.D.Ill.2009); *Home Savs. Ass'n of Kansas City, F.A. v. Woodstock Assocs. I, Inc. (In re Woodstock Assocs. I, Inc.),* 121 B.R. 238, 242 (Bankr. N.D. Ill. 1990). "The legal papers an attorney files in any case must be grounded in both a nonfrivolous legal theory and well-founded factual contentions and/or denials that, at a minimum, have a reasonable possibility of having evidentiary support after further investigation and discovery." *In re Am. Telecom. Corp.*, 319 B.R. 857, 867 (Bankr. N.D. Ill. 2004). Good faith alone is not enough to comply with the frivolousness clauses of Bankruptcy Rule 9011. *Id.* Instead, Rule 9011 requires an "affirmative obligation upon counsel to conduct a reasonable inquiry into both the law and the facts before advancing a particular position to the court." *In re Martin*, 350 B.R. 812, 817 (Bankr. N.D. Ind. 2006).

Additionally, Rule 9011(c)(2) further allows sanctions "to deter repetition of such conduct or comparable conduct by others similarly situated." The sanction may include "an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." FRBP 9011(c)(2).

The Chapter 11 Bankruptcy petitions were frivolous as there was no reasonable inquiry into the facts of the case. This is evidenced by Gleich's affidavit [ECF No. 23], and the two responses and consents to dismiss the Bankruptcy Cases, on file in these matters.

First, Gleich's affidavit admits that he never gave notice of a special meeting to Kindt. [ECF No. 23]. As a result, the directors could not have changed, nor could the shareholders. Because Gleich and his counsel had an affirmative obligation to confirm that the bankruptcy filing was properly authorized by the board of directors and/or shareholders, these filings fail to satisfy FRBP 9011. Furthermore, counsel's lack of oversight is also evidenced by the consents to dismissal that were filed in response to the Motion. Counsel stated in the consents to dismissal, that the Debtor does not have the financial ability to argue whether the president has the authority to file bankruptcy when the Debtors are deadlocked. This is simply ridiculous. It is counsel's obligation to determine whether the company has obtained the appropriate authority to file

4856-6038-2225, v. 2

something as significant as a Chapter 11 Bankruptcy filing – there is simply no other alternative, no matter how much the cost. If counsel had engaged in appropriate factual investigation before filing bankruptcy petitions in these cases, he likely would have realized the board of directors was deadlocked, and therefore no authority could be obtained. Instead, counsel chose sides, completely eliminating his objectivity and disinterestedness, creating a conflict of interest, and forcing a fellow shareholder and director – Kindt, to engage in extensive motion practice to remedy the chaos that has ensued.

As to the second prong, counsel's filing is frivolous because he failed to make a reasonable investigation into the controlling corporate documents, and applicable law. There is no legal authority that unilaterally permits a president to file for bankruptcy and counsel cites no authority to the contrary. There is no legal authority that permits a president and other board members to secretly authorize bankruptcy irrespective of bylaws that require notice, a meeting and voting on such issues. Accordingly, counsel's filing of this matter is frivolous such that sanctions are warranted. Additionally, under Section 9011(c)(2), counsel should be sanctioned to prevent these types of filings from occurring in the future. Unfortunately, this is not the first time counsel has filed a bankruptcy case improperly. *See In re Blue Pine Grp., Inc.*, 448 B.R. 267, 273 (Bankr. D. Nev. 2010), aff'd, 457 B.R. 64 (B.A.P. 9th Cir. 2011), *aff'd in part, vacated in part*, 526 F. App'x 768 (9th Cir. 2013) (sanctioning Mr. Winterton for filing an unauthorized bankruptcy because Mr. Winterton "did not possess any evidence that [the Corporation] had properly authorized any bankruptcy filing"). The same is true here as Mr. Winterton failed to gather evidence to support this filing. Accordingly, sanctions in the form of attorney's fees and costs are warranted for the unauthorized filing.

Kindt will lodge an appropriate motion for these sanctions, with notice and an opportunity to file an opposition, after the hearing on the instant Motions.

4856-6038-2225, v. 2

**III.   CONCLUSION**

As set forth above, a Chapter 11 trustee should be appointed and sanctions awarded in the form of attorneys' fees and costs of participating in these frivolous filings.

Dated this 25th day of February, 2022.

                          McDONALD CARANO LLP

                          By: */s/ Ryan J. Works*
                              Ryan J. Works, Esq. (NSBN 9224)
                              Amanda M. Perach, Esq. (NSBN 12399)
                              2300 West Sahara Avenue, Suite 1200
                              Las Vegas, Nevada 89102
                              rworks@mcdonaldcarano.com
                              aperach@mcdonaldcarano.com

                              *Attorneys for John Kindt*

4856-6038-2225, v. 2